# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| **LINDA CHAMNESS and** § | |
| **RICKY CHAMNESS** § | |
| *Plaintiffs* § | |
| § | |
| **v.** § | |
| § | CIVIL ACTION NO. _____ |
| **SODEXO, INC.** § | |
| *Defendant* § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, LINDA CHAMNESS and RICKY CHAMNESS, (hereinafter referred to as "PLAINTIFFS"), and files this their Original Complaint complaining of SODEXO, INC. (hereinafter referred to as "Defendant") and for cause of action would respectfully show unto the Court as follows:

## I.
## JURISDICTION AND VENUE

(1) This Court possesses jurisdiction in this case pursuant to 28 U.S.C. §1332(c) (1), based upon the complete diversity of citizenship between the parties, as well as 28 U.S.C. §1332 based upon diversity of jurisdiction and the amount in controversy exceeding $75,000.00, exclusive of interest and costs. The Plaintiffs are citizens of the State of Texas. The Defendant, SODEXO, INC., is a foreign corporation, organized and formed in the State of Delaware, is not a citizen of Texas and its principle office and place of business is in the State of Maryland.

(2) Venue is proper in the United States District Court for the Eastern District of Texas pursuant to 28 U.S.C. §1391(a), since a substantial part of the events giving rise to this cause of action occurred within this judicial district.

## II.
## PARTIES

(3) The Plaintiffs are residents of Titus County, Texas and are citizens of the State of Texas.

(4) The Defendant, SODEXO, INC. is a foreign corporation organized and existing under the laws of Maryland and is not a citizen of the State of Texas, and is doing business in the State of Texas, and may be served with process by serving them via certified mail return receipt requested to its registered agent, Corporate Creations Network Inc. 5444 Westheimer # 1000, Houston, Texas 77056.

## III.
## FACTUAL ALLEGATIONS

(5) On or about September 24, 2020, Plaintiff, LINDA CHAMNESS, was employed as a Room Service Operator by TITUS REGIONAL MEDICAL CENTER, located at 2001 N. Jefferson Avenue, Mount Pleasant, Texas 75455. On said date, Plaintiff, LINDA CHAMNESS, was performing her assigned duties and acting within the course and scope of her employment as an employee of Titus Regional Medical Center in Mount Pleasant, Titus County, Texas. As Plaintiff was performing her assigned duties, she was walking out of the office of Robert Biedler, the Food and Nutrition Director of the Defendant, SODEXO, INC. when she tripped over a hazard created by Robert Biedler causing her to fall to the floor which caused her to sustain severe, permanent, and disabling injuries.  At the time of the trip and fall, there were no markings or signs present to warn Plaintiff of the dangerous condition. At all times material, Plaintiff was a business invitee on the premises in question.

(6) Defendant, SODEXO, INC., by and through its agents, servants, and employees, had actual notice and knowledge of the dangerous defect/condition that existed on the walkway.

In the alternative, the dangerous defect/condition had existed for such a period of time prior to Plaintiff's trip and fall that Defendant, its agents, servants, and employees, in the exercise of due care, could have and should have had such knowledge and notice. The inherent danger was unknown to Plaintiff at the time of the accident. Plaintiff in all respects exercised due care for her own safety while on the premises. It was the duty of the Defendant and its agents, servants, and employees, to keep the walkway and floor area in such a condition that Plaintiff would have a safe place to walk at her place of business. In particular, it was Defendants' duty to maintain the floor in a reasonably safe condition for use by Plaintiff by not creating a dangerous condition that posed an unreasonable risk of harm to Plaintiff and to warn Plaintiff of such dangerous conditions on the floor.

## CAUSES OF ACTION

(7)     Plaintiffs incorporate by reference paragraphs 1 through 6 above.

(8)     Plaintiffs allege that the Defendant, by and through its acts, and the acts of its agents, servants and employees were negligent and that such negligence was a proximate cause of the incident and injuries in question. Specifically, Plaintiffs would show that the Defendant, by and through its acts, and the acts of its agents, servants, and employees, were negligent in the following, to wit:

    a. Failing to provide a safe place for Plaintiff to walk;
    b. Negligent in creating the unsafe/hazardous/dangerous condition;
    c. Failing to correct the unsafe/hazardous/dangerous condition;
    d. Failing to warn Plaintiff of the unsafe/hazardous/dangerous condition;
    e. Negligent in creating an unsafe condition;
    f. Negligent in creating a dangerous condition;
    g. Negligent in creating a hazardous condition;

    h. Failing to properly and adequately inspect the floor/walkway area for hazardous conditions;

    i. Negligent in other respects.

(9)    Plaintiff would further show that there was a dangerous condition on the premises that posed an unreasonable risk of harm that the Defendant, its agents, managers, servants, and/or employees either knew of or by the exercise of ordinary care should have known of the dangerous condition and failed to exercise ordinary care by failing to adequately warn Plaintiff and by failing to make the condition reasonably safe.

## **MALICE**

(10)    Plaintiffs further allege that Defendant, by and through its acts and/or omissions and through the acts and/or omissions of their employees, agents and representatives, as set out and plead for above and below, exceeded the test for negligence and committed acts and/or omissions of gross negligence that amounted to more than momentary thoughtlessness, inadvertence or error of judgment. Plaintiffs allege that said acts and/or omissions amounted to such an entire want of care as to establish that the act or omission was the result of actual conscious indifference to the rights, safety or welfare of Plaintiff and others on the premises. Plaintiff further alleges that the Defendants' acts and/or omissions of gross negligence created an extreme degree of risk to Plaintiff and others on the premises. Plaintiff further alleges that the Defendants' acts and/or omissions of gross negligence, when viewed objectively from the standpoint of the Defendants at the time of its occurrence, involved an extreme degree of risk considering the probability and magnitude of potential harm to others, including Plaintiff. Plaintiff further alleges that the Defendant had actual subjective awareness of the risk involved but, nevertheless, proceeded with conscious indifference to

the rights, safety and welfare of Plaintiff. In this regard, Plaintiff therefore seeks punitive damages. Alternative, Plaintiffs will show that the gross negligence of Defendant's agents, managers, supervisors, and/or principals is imputed to the Defendant because the principal authorized the doing or manner of the act; the agent was unfit and the principal was reckless in employing him; the agent employed in a managerial capacity and was acting in the scope of his employment; of the employer of a manager of the employer ratified or approved the act. Defendant and its managers, supervisors, and/or principals acted with actual subjective awareness of this risk and conscious indifference to the rights, safety, or welfare of others including Plaintiffs.

(11) Plaintiffs bases their causes of action upon negligence, negligence per se or gross negligence as these terms are defined under the common law and statutes of Texas and the doctrines of respondeat superior and res ipsa loquitur are invoked where applicable.

(12) Plaintiffs would show that Defendant's conduct through its officers, employees, or agents, as set forth herein and otherwise, constituted negligence and gross negligence by act or omission, each and all of which were a proximate cause of the occurrents or injury in question and Plaintiff's damages resulting from the occurrence or injury in question.

## **DAMAGES**

(13)   Plaintiff, LINDA CHAMNESS, damages include past, and in probability future loss, which includes:

      a.  pain and mental anguish;
      b.  loss of earnings and earning capacity;
      c.  physical impairment;
      d.  disfigurement; and

  e. necessary medical, therapeutic, pharmaceutical and hospital care, including rehabilitative services and devices.

(14) Plaintiff's spouse, RICKY CHAMNESS, as a result of the incident caused by the fault and negligence of the Defendants, has suffered past and future loss of consortium and household services as well as damage to the husband-wife relationship, including the loss of affection, solace, comfort, companionship, society, assistance, household services, emotional support, love and felicity necessary to a successful marriage.

(15) Plaintiff respectfully requests a trial by jury on all issues.

(16) Plaintiff seeks judgment against Defendants, jointly and severally, for their actual damages set forth above, punitive/exemplary damages together with pre-judgment and post-judgment interest at the legal rate, cost of court, and such other relief to which Plaintiff may be justly entitled.

Respectfully submitted,

*/s/Jimmy M. Negem, Sr.*
Jimmy M. Negem, Sr.
State Bar No. 14865500
Joe M. Worthington
State Bar No. 22009950
Jimmy M. Negem, Jr.
State Bar No. 24115371
Negem & Worthington
1828 E SE Loop 323
Suite R – 1A
Tyler, Texas 75701
903.595.4466 (telephone)
903.593.3266 (facsimile)
Jimmy@NegemLaw.com
**ATTORNEYS FOR PLAINTIFFS**